# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK C. ROBINSON, | ) |
| Petitioner, | ) |
| vs. | ) CIVIL NO. 11-cv-169-DRH |
| DAVID A. REDNOUR, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

According to the instant habeas petition, Petitioner pled guilty to murder on June 14, 2005, in the Circuit Court of DuPage County, and was sentenced on September 22, 2005, to 32 years. On direct appeal, Petitioner argued that the trial court improperly refused to appoint an expert to evaluate Petitioner's mental condition and history of addiction and childhood abuse, in order to develop possible factors in mitigation. The Illinois Appellate Court affirmed Petitioner's conviction on June 25, 2007, and Petitioner did not file a petition for leave to appeal ("PLA")

with the Illinois Supreme Court.

On December 7, 2007, Petitioner filed for post-conviction relief in the DuPage County Circuit Court, alleging that his trial attorney coerced him into pleading guilty, and claiming ineffective assistance of appellate counsel for failing to raise that issue on appeal. His post-conviction petition was denied on January 18, 2008, and he appealed. The Illinois Appellate Court affirmed the trial court on December 8, 2009, and Petitioner then sought leave to appeal from the Illinois Supreme Court. His PLA was denied on March 25, 2010, and he did not seek further review.

Petitioner filed the instant action on March 7, 2011, claiming that his trial counsel's promise that Petitioner would have received the maximum sentence if his case had gone to trial was so coercive that it rendered his guilty plea involuntary. However, the merits of this argument need not be reached. An examination of the date when Petitioner's conviction became final and the time line of his ensuing post-conviction challenge shows that Petitioner has filed this action well beyond the applicable statute of limitations.

Under 28 U.S.C. § 2244(d)(1), a petitioner has a one year period in which to file an application for a writ of habeas corpus. Section 2244(d)(1)(A) states that the limitations period shall begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." However, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this instance, Petitioner's one-year statute of limitations under § 2244(d)(1)(A) began

to run on July 30, 2007, which is 35 days after the June 25, 2007, appellate court order affirming his conviction. Under Illinois Supreme Court Rules 315(b) and 612(b), Petitioner had 35 days to seek leave to appeal to the Illinois Supreme Court. He did not do so, thus his judgment of conviction became final upon the expiration of the time for seeking review of the appellate court's ruling. *See Gendron v. United States*, 154 F.3d 672, 674-75 (7th Cir. 1998), *rev'd on other grounds by Clay v. United States*, 537 U.S. 522 (2003).

From July 30, 2007, to December 7, 2007, when Petitioner filed his post-conviction petition, 129 days elapsed. *See DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (time elapsing between date of finality of conviction and date when post-conviction petition is filed must be counted toward the one-year habeas filing period; pendency of post-conviction petition tolls but does not restart the running of the one-year deadline). Starting with December 7, 2007, the statute of limitations was tolled pursuant to 28 U.S.C. § 2244(d)(2), until the final dismissal of Petitioner's post-conviction action by the Illinois Supreme Court on March 25, 2010. *See Gutierrez v. Schomig*, 233 F.3d 490, 490-91 (7th Cir. 2000) (tolling of the one-year limitations period ends with the date of final action of the state court; no additional tolling is allowed for the time during which a state post-conviction petitioner could have filed, but did not file, a petition for certiorari in the United States Supreme Court). After the Illinois Supreme Court's denial of his PLA on March 25, 2010, Petitioner had 236 days remaining of his one-year period in which to file for habeas relief.

Unfortunately for him, 347 days elapsed between March 25, 2010, and March 7, 2011, the date when Petitioner filed the instant action. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A) and § 2244(d)(2), the petition was not timely filed and must be dismissed.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice. The Clerk is DIRECTED to enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated:** October 6, 2011

Digitally signed by David R. Herndon
Date: 2011.10.06 15:09:40 -05'00'

**Chief Judge**
**United States District Court**